# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **THURMAN EDWARD AVERY, JR.,** *Plaintiff,* v. **SUPERINTENDENT CANNON, et al.,** *Defendants.* | **CIVIL ACTION NO. 5:18-cv-00153-TES-CHW** |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Thurman Edward Avery, Jr., an inmate most recently confined at the Augusta State Medical Prison in Grovetown, Georgia, filed a document that was construed as a Complaint [Doc. 1] seeking relief pursuant to 42 U.S.C. § 1983. On July 12, 2018, the United States Magistrate Judge ordered Plaintiff to pay an initial partial filing fee of $15.71 but advised Plaintiff that if circumstances had changed, and he was unable to pay the initial partial filing fee as ordered, he could file a renewed motion for leave to proceed *in forma pauperis* explaining his inability to pay. [Doc. 5, at pp. 1-2]. The Court gave Plaintiff twenty-one (21) days to comply, and he was warned that failure to comply may result in dismissal by the Court. [*Id.* at p. 2].

The time for compliance passed without a response from Plaintiff. As such, the Magistrate Judge ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failure to comply with the Court's orders and instructions. *See* [Doc.

6]. Plaintiff was given twenty-one (21) days to comply, and he was again warned that failure to fully and timely comply with the Court's orders and instructions would result in dismissal of his Complaint. [*Id.*].

Plaintiff responded to the show cause order by filing a document that was construed as a motion to voluntarily dismiss his Complaint. [Doc. 7]. Because Plaintiff's intent to actually voluntarily dismiss his Complaint was somewhat unclear from this filing, however, the Magistrate Judge ordered Plaintiff to either (1) file a notice of dismissal clearly stating his intent to dismiss the action or (2) comply with the Court's previous instruction to pay the $15.71 initial partial filing fee (or file a renewed motion to proceed *in forma pauperis*). [Doc. 8]. The Magistrate Judge also liberally construed Plaintiff's submission as a request for appointed counsel, which was denied. [*Id.* at p. 2]. Plaintiff was given fourteen (14) days to comply, and he was warned that failure to fully and timely comply would result in the dismissal of his Complaint. [*Id.* at p. 3].

The time for compliance passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, the Court **DISMISSES Plaintiff's** Complaint [Doc. 1]. **without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).

**SO ORDERED** this 8th day of January, 2019.

<u>**S/ Tilman E. Self, III**</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**